UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

v.       CAUSE NO. 3:20-CV-865 DRL-MGG

WILLIAM HYATTE *et al.*,

    Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed an amended complaint alleging he was not protected from attack by fellow inmates and that guards used excessive force against him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Taylor alleges he was attacked by his cellmate on August 30, 2020. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Still, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure-to-protect claim cannot be predicated

"merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]hat an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). According to one explanation of these standards:

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe

2

> that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Here, the complaint alleges Mr. Taylor warned Warden Hyatte, Deputy Warden Payne, and Shawna Morson in June 2020 about "assaults, threats, weapons, gang violence, extortion, [and] intimidation." ECF 15 at ¶ 3. However, as *Klebanowski* explained, general statements like this are not a basis for liability. Therefore, the complaint does not state a claim for failure to protect based on the assault by his cellmate on August 30, 2020.

The complaint also alleges he was attacked by a gang member on September 22, 2020. ECF 15 at ¶ 14. Prior to that attack, it alleges Correctional Officer Mays ignored him when he "held up a sign with words HELP PREA" on August 31, 2020. ECF 15 at ¶ 5. The complaint alleges Case Manager Isaacs ignored his request for protection on September 1, 2020. ECF 15 at ¶ 6. On September 3, Mr. Taylor alerted Sgt. Moore of "intimidation and past assault." ECF 15 at ¶ 7. On September 18, 2020, it says he spoke to Case Manager Manley (who had spoken with Administrator Burton) and Investigator Birshir and "expressed extreme fear for safety, fraudulent purchases on my account, and request for protection." ECF 15 at 12. On September 21 or 22, 2020, Officer "Benjamin denied [him] protection." ECF 15 at 16.

These allegations aren't sufficient to state a claim against any of those defendants. However, the complaint alleges that on September 9, 2020, Investigator Birshir was told

3

of the "assault on 8-30-2020, threats on my life from gang members, extortion, jumpsuit with DNA on it, and a physical threat on my life written on paper from Trent Pope threatening gang retaliation." ECF 15 at ¶ 9. This allegation is sufficient to state a claim for failure to protect against Investigator Birshir.

After Mr. Taylor returned from the hospital on September 23, 2020, the complaint alleges Sgt. Engle and Correctional Officer Johnson[1] made him "strip naked, lay on floor, covered in urine, hairballs, saliva, razor blades, and a floss pick." ECF 15 at ¶ 18. "I was then made to shower and stand in shower for 4 or 5 hours. *Id*. "I was then placed in cell covered in boogers, blood on wall, clogged ventilation, food on floor, toilet filled with black mold and denied cleaning supplies until 10-4-2020." *Id*.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the complaint plausibly alleges Sgt. Engle and Correctional Officer Johnson used excessive force in violation of the Eighth Amendment.

---

[1] The amended complaint also says Lt. Morgan participated, but he is not named as a defendant.

4

In addition, the complaint describes several events that do not state a claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The complaint alleges Sgt. Moore and Sgt. Hensley moved him to a cell on September 3, 2020, where he was held without a mattress or toiletries for twelve days. ECF 15 at ¶ 7. Though he may have been in that cell for twelve days, the complaint does not plausibly allege that either of these defendants were personally responsible for the contents of that cell after they moved him to it and merely putting him in a cell without a mattress or toiletries does not state a claim.

The complaint alleges he filed grievances that were denied. ECF 15 at ¶¶ 10, 11, and 12. "But the Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

The complaint names the Indiana Department of Correction as a defendant and alleges it has a policy or custom of ignoring "gang violence, safety and security threats, [and] large amounts of weapons." ECF 15 at ¶ 1. However, the Eleventh Amendment precludes monetary claims against a state and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). There are limited exceptions, but none are applicable here. *See MCI Telecomm. Corp. v. Ill. Com. Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Moreover, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)).

Finally, in addition to compensatory and punitive damages, the complaint asks for two types of injunctive relief: "Termination of Parole/Probation Contract" and "Commissary and Phone Privileges without restrictions." ECF 15 at 4. However, neither are related to the failure to protect or excessive use of force claims and "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore, he may not proceed on an injunctive relief claim in this case.

For these reasons, the court:

(1) GRANTS Ezekiel I. Taylor leave to proceed against Investigator Birshir in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his request for protection on September 8, 2020, in violation of the Eighth Amendment, which resulted in his being attacked by a gang member on September 22, 2020;

(2) GRANTS Ezekiel I. Taylor leave to proceed against Sgt. Engle and Correctional Officer Johnson in their individual capacities for compensatory and punitive damages for making him lay naked on a filthy floor and then stand naked for four to five hours on September 23, 2020, before putting him in a filthy cell without cleaning supplies until October 4, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES William Hyatte, Sergeant Burton, Shawna Morson, Isaacs, Mays, Benjamin, Moore, Hensley, Payne, Laroe, Manley, and Indiana Department of Corrections;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Investigator Birshir, Sgt. Engle, and Correctional Officer Johnson at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 15) as required by 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(7) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Investigator Birshir, Sgt. Engle, and Correctional Officer Johnson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 14, 2021               *s/ Damon R. Leichty*
                               Judge, United States District Court