UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-865-DRL-MGG

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a proposed amended complaint. ECF 51. This is the third complaint he has filed in this case. *See* ECF 1 and 16. He did not file a motion to amend, but because he is proceeding without counsel, the court will construe the filing as including a motion. Taylor explains he is filing the amended complaint to be "more clear and concise as well as adding additional defendants who may or may not have been mentioned in the original complaint and reasserting prior claims." *Id.* at 1. "Leave to amend is to be 'freely given when justice so requires'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) *quoting* Federal Rule of Civil Procedure 15(a). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility . . .." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quotation marks

omitted). Because none of those factors are resent here, the motion to amend will be granted.

"When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward, and . . . wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999). Therefore, the amended complaint must be screened as required by 28 U.S.C. § 1915A. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. ECF 55. Therefore, the complaint will be screened.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Taylor alleges he was attacked by Trent Pope on August 30, 2020. ECF 51 at ¶ 1. Prior to that date, he alleges he "made numerous complaints regarding weapons, gang violence, extortion, assaults, and threats to Shawna Morson, Warden Hyatte, and Deputy Warden Payne . . .." *Id.* Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a

2

failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat

3

> he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Here, the complaint alleges Mr. Taylor told Shawna Morson, Warden Hyatte, and Deputy Warden Payne that the prison was dangerous. What he does not allege is that he told them about any specific threat by Trent Pope. As *Klebanowski* explained, without specific details about an immediate threat to him, the complaint does not state a claim against these defendants.

Taylor alleges he was attacked on September 22, 2020, by several gang members at the direction of Trent Pope. ECF 51 at ¶ 4. On September 8, 2020, he alleges he told Investigator Birshir about a specific threat by Trent Pope to attack him again. *Id*. at ¶ 2. On September 18, 2020, he alleges he told Case Manager Manley and Investigator Birshir about specific threats against him. *Id*. at ¶ 3. These allegations are sufficient to state claims against Investigator Birshir and Case Manager Manley for failure to protect.

After the attack, Taylor alleges he was taken to the hospital. When he returned to the prison on September 23, 2020, he alleges Sgt. Engle, Lt. Morgan, and Correctional Officer Johnson made him strip naked in a shower where they forced him to the floor which was covered with "all types of foul things including but not limited to saliva, hairballs, razors, a floss pick, [and] urine." *Id*. at ¶ 5.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

(internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Though they may have had a legitimate reason to force Taylor to the shower floor after making him strip, based on the allegations in the complaint, Taylor states a claim against Sgt. Engle, Lt. Morgan, and Correctional Officer Johnson for an excessive use of force in violation of the Eighth Amendment.

After he left the shower, Taylor alleges Sgt. Engle, Lt. Morgan, and Correctional Officer Johnson placed him in a filthy cell for a week. ECF 51 at ¶ 5. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). "Prison conditions may be harsh and uncomfortable without violating the Eighth

5

Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012). Here, the mere allegation that he was placed in a filthy cell does not plausibly state a claim.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In this order, the court has granted Taylor leave to proceed against five defendants. Investigator Birshir, Sgt. Engle, and Correctional Officer Johnson have already entered appearances, therefore, service of the amended complaint on their attorney is permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1). Case

Manager Manley and Lt. Morgan are being added and will be served by the United States Marshals Service unless they waive service.

Before Taylor filed this amended complaint, Investigator Birshir, Sgt. Engle, and Correctional Officer Johnson filed a summary judgment motion asserting Taylor had not exhausted his administrative remedies. Given the similarity of the current claims to the previous ones, it is likely all five defendants will raise the same affirmative defense. Nevertheless, for the sake of clarity, the current motion will be denied with leave to refile. The Seventh Circuit has directed "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Therefore the current discovery stay will remain until the exhaustion affirmative defense is resolved. *See* ECF 54.

For these reasons, the court:

(1) CONSTRUES the proposed amended complaint (ECF 51) as including a motion to amend;

(2) GRANTS the motion to amend (ECF 51);

(3) DIRECTS the clerk to separately docket the proposed amended complaint (ECF 51) as an amended complaint;

(4) GRANTS Ezekiel I. Taylor leave to proceed against Investigator Birshir in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his requests for protection on September 8, 2020, and September 18, 2020, in violation of the Eighth Amendment, which resulted in his being attacked by gang members at the direction of Trent Pope on September 22, 2020;

7

(5) GRANTS Ezekiel I. Taylor leave to proceed against Case Manager Manley in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his request for protection on September 18, 2020, in violation of the Eighth Amendment, which resulted in his being attacked by gang members at the direction of Trent Pope on September 22, 2020;

(6) GRANTS Ezekiel I. Taylor leave to proceed against Sgt. Engle, Lt. Morgan, and Correctional Officer Johnson in their individual capacities for compensatory and punitive damages for making him lay naked on a filthy shower floor on September 23, 2020, in violation of the Eighth Amendment;

(7) DISMISSES all other claims;

(8) DISMISSES William Hyatte, Payne, and Shawna Morson;

(9) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Morgan and Case Manager Manley at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 51) as required by 28 U.S.C. § 1915(d);

(10) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(11) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Investigator Birshir, Case Manager Manley, Sgt. Engle, Lt. Morgan, and Correctional Officer Johnson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(12) DENIES the summary judgment motion (ECF 48) with leave to re-file;

(13) GRANTS the defendants until **November 16, 2021**, to file a summary judgment motion based on the exhaustion of administrative remedies;

(14) CAUTIONS the defendants this affirmative defense will be waived if it is not raised in a summary judgment motion by the deadline;

(15) REMINDS the defendants Local Rule 56-1 requires, "A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C;" and

(16) REMINDS the parties discovery is stayed pending resolution of the exhaustion affirmative defense.

SO ORDERED this August 12, 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge