UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

        Plaintiff,

        v.                               CAUSE NO. 3:20-CV-865-MGG

BIRSHIR, et al.,

        Defendants.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Investigator Birshir in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his requests for protection on September 8, 2020, and September 18, 2020, in violation of the Eighth Amendment, which resulted in his being attacked by gang members at the direction of Trent Pope on September 22, 2020[.]" ECF 59 at 7. Second, he is proceeding "against Case Manager Manley in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his request for protection on September 18, 2020, in violation of the Eighth Amendment, which resulted in his being attacked by gang members at the direction of Trent Pope on September 22, 2020[.]" *Id.* at 8. Third, he is proceeding "against Sgt. Engle, Lt. Morgan, and Correctional Officer Johnson in their individual capacities for compensatory and punitive damages for making him lay naked on a filthy shower floor on September 23, 2020, in violation of the Eighth Amendment[.]" *Id.* The defendants filed a joint motion for summary judgment, arguing

Mr. Taylor failed to exhaust his administrative remedies before filing suit. ECF 82. Mr. Taylor filed a response. ECF 97. The court will now rule on the defendants' motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

2

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

The defendants argue summary judgment is warranted in their favor because Mr. Taylor did not exhaust any grievances related to his claims in this lawsuit. ECF 83. Specifically, the defendants argue Mr. Taylor submitted Grievance 119021 pertaining to the alleged assault on September 22, 2020, and Grievance 118882 pertaining to the alleged use of force on September 23, 2020, but did not complete the grievance appeal process for either grievance. Each grievance will be addressed in turn.

*Grievance 119021*

The defendants provide evidence showing the following: Mr. Taylor complained of the September 22 assault in Grievance 119021, which he submitted on October 5, 2020. ECF 82-1 at 6; ECF 82-3. The grievance office denied Grievance 119021 on November 24, 2020, and Mr. Taylor submitted a Level I appeal. *Id.*; ECF 82-6. On December 16, 2020, the warden denied Mr. Taylor's Level I appeal. ECF 82-6 at 1. Mr. Taylor did not submit a Level II appeal to the Department Grievance Manager, which is a necessary step to complete the grievance process. *Id.*; ECF 82-1 at 6-8; ECF 82-5 at 4.

3

In his response, Mr. Taylor does not dispute any of these facts or provide any evidence he exhausted Grievance 119021. ECF 97. Therefore, the undisputed facts show Mr. Taylor did not exhaust Grievance 119021 prior to filing this lawsuit.

*Grievance 118882*

The defendants provide evidence showing the following: Mr. Taylor complained of the September 23 use of force in Grievance 118882, which he submitted on September 29, 2020. ECF 82-1 at 7; ECF 82-4. On November 19, 2020, the grievance office denied Grievance 118882. *Id.* On November 26, 2020, Mr. Taylor submitted a Level I appeal to the warden. ECF 82-7. At the time Mr. Taylor submitted the Level I grievance appeal form to the warden, he prematurely checked, signed, and dated the box indicating he disagreed with the Warden's Level I response and wanted to submit a Level II appeal to the Department Grievance Manager. *See id*; ECF 82-1 at 7. On December 3, 2020, the warden denied the Level I appeal. ECF 82-7. The grievance specialist attests she has no record Mr. Taylor submitted a Level II appeal to the Department Grievance Manager after the warden denied his Level I appeal, which was necessary to complete the grievance process. ECF 82-1 at 7; ECF 82-5 at 4.

In his response, Mr. Taylor does not dispute any of these facts or provide any additional facts. ECF 97. Instead, he argues only that "[a] brief review of Grievance #118882 and Blank level 3 grievance appeal will show that Administrative Remedies were exhausted," and attaches the same records as those provided by the defendants. ECF 97, 97-1. It is thus undisputed Mr. Taylor did not submit a Level II appeal to the Department Grievance Manager after the warden denied his Level I appeal, which is a

4

necessary step under the Offender Grievance Process. Mr. Taylor cannot show he exhausted his remedies by attempting to submit a Level II appeal before his Level I appeal had been denied. *See* ECF 82-2 at 13 ("[i]f the offender wishes to appeal the Warden's/designee's appeal response [to the Department Grievance Manager], the offender shall check the 'Disagree' box, sign, and submit the completed State Form 45473, 'Offender Grievance Appeal,' and any additional, pertinent documentation to the Offender Grievance Specialist within five (5) business days of receipt of the Warden's/designee's appeal response"); ECF 82-7 (instructing the offender to "check the appropriate box and return this form to the Facility Grievance Specialist" to appeal to the Department Grievance Manager); *Pozo*, 286 F.3d at 1025 ("[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Mr. Taylor provides no evidence he returned the appeal form to the Facility Grievance Specialist or made any other attempt to submit a Level II appeal to the Department Grievance Manager at any point after the warden denied his Level I appeal. Thus, the undisputed facts show Mr. Taylor did not exhaust Grievance 118882 prior to filing this lawsuit.

### *Conclusion*

Accordingly, because it is undisputed Mr. Taylor did not exhaust either Grievance 119021 (related to his claims against Defendants Bishir and Manley) or Grievance 118882 (related to his claims against Defendants Engle, Morgan, and Johnson) prior to filing this lawsuit and Mr. Taylor provides no evidence he submitted any other grievance relevant to his claims in this lawsuit, the defendants have met their

burden to show his failure to exhaust. Summary judgment must be granted in favor of the defendants and against Mr. Taylor.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 82); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Ezekiel I. Taylor and to close this case.

SO ORDERED  February 24, 2022

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge